ESTATE OF LAUSON STONE, DECEASED, BEAVER TRUST COMPANY AND HELEN DARBY STONE, COEXECUTORS, AND HELEN D. STONE, SURVIVING WIFE OF LAUSON STONE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32250. Promulgated February 20, 1953.

*John D. Ray, Esq.*, for the petitioners.
*George C. Lea, Esq.*, for the respondent.

LeMire, *Judge:* The question presented is whether the net consideration received by petitioners' decedent, Lauson Stone, on the sale in 1948 of certain stock warrants is taxable as additional compensation or as capital gain.

The petitioners' decedent was first employed as president and chief executive officer of the Follansbee Steel Corporation on October 26, 1942. On March 31, 1944, the decedent entered into a written contract of employment with such corporation for a period of 5 years from January 1, 1943, which provided that his compensation was not to be less than $50,000 per year. From January 1, 1943, until his death he was the president and a director of such corporation. Pursuant to a resolution adopted by its stockholders and the directors, the corporation was authorized to issue and sell to the decedent at a price of $10 per warrant 100 negotiable stock purchase warrants for the purchase of 100 shares each of the common stock of the corporation at $21 per share. The warrants were dated May 1, 1947, and were to expire 5 years from date unless the period was extended. They were not exercisable for a period of 6 months from their date. There was no restriction upon the sale or transfer of the warrants.

Between June 24 and June 30, 1948, the decedent sold and transferred 89 of the warrant certificates representing the right to purchase 8,900 shares of the common stock of the corporation for the sum of $82,680.50.

The respondent, relying upon I. T. 3795, 1946–1 C. B. 15, contends that the stock purchase warrants had no market value when received in 1947, and that the net consideration received on their sale by the decedent in the taxable year 1948 was taxable in full as additional compensation paid to the decedent in that year.

The petitioners contend that the decedent purchased the stock purchase warrants in 1947 in a bona fide transaction; that the warrants were "property" and "capital assets," as defined in section 117 (a) (1) of the Internal Revenue Code; and that on the sale in 1948 the decedent realized a long term capital gain. The petitioners argue that the facts here presented are governed by Treasury Regulations 111, section 29.22 (a)–1, as amended by T. D. 5507, 1946–1 C. B. 18.[2] The petitioners, relying on T. D. 5507, argue that the amount received by the decedent in the nature of additional compensation is the difference

---

[2] T. D. 5507, here pertinent, provides as follows:

If property is transferred by an employer to an employee for an amount less than its fair market value, regardless of whether the transfer is in the form of a sale or exchange, the difference between the amount paid for the property and the amount of its fair market value is in the nature of compensation and shall be included in the gross income of the employee. In computing the gain or loss from the subsequent sale of such property its basis shall be the amount paid for the property, increased by the amount of such difference included in gross income.

between the amount he paid for the stock warrants and their fair market value on the date of their delivery to him. They further contend that the decedent's base for determining gain on the subsequent sale in the taxable year 1948 is the amount he paid for them, increased by the difference between such amount and their fair market value when the warrants were received. The petitioners further contend that I. T. 3795, *supra*,[3] is inapplicable and, if intended to cover all stock options, is invalid and not in accordance with the law.

The respondent urges that the parties employed the form of a sale in a vain tax avoidance attempt to qualify the transaction under T. D. 5507, and no bona fide sale was intended. It is also argued that, if the warrants were sold to the decedent for a consideration less than their fair market value, the corporation is placed in the illegal position of having given away its assets. We find no evidence in the record to support an inference that the transaction was not entered into in good faith, and since the issuance and sale of the warrants were authorized by the stockholders the transaction was not *ultra vires* the corporation.

The stock purchase warrants here involved differ widely from the usual stock purchase options given by employers to officers and employees which have been the subject of consideration by the courts over a long period of years. Since we regard the controlling issue as presenting a factual situation, a discussion of such prior cases will not be helpful.

In applying T. D. 5507, one of the questions to be determined is whether in making the agreement in question the additional compensation was to be the spread between the fair market value of the warrants when issued and the sale price to the decedent, or the spread between the acquisition price and the fair market value of the stock when the options were exercised. In our opinion the reasonable inference to be drawn from the facts presented is that the parties were dealing in stock warrants and not the shares of stock that could be acquired thereunder. The following facts lend support to such view, i. e., the decedent paid a valuable consideration for their issuance; the warrants were negotiable from their date; they were protected against dilution in value; and they were not contingent upon his continued employment.

---

[3] That part of I. T. 3795 material here provides:

* * * If an employee receives an option on or after February 26, 1945, to purchase stock of the employer corporation, * * * the employee realizes taxable income by way of compensation on the date upon which he receives the stock to the extent of the difference between the fair market value of the stock when it is received and the price paid therefor.

If the employee transfers such option for consideration in an arm's length transaction, the employee realizes taxable income by way of compensation on the date he receives such consideration to the extent of the value of such consideration.

The courts have recognized that in certain circumstances stock purchase warrants are property. *Helvering v. San Joaquin Fruit & Investment Co.*, 297 U. S. 496; *Smith v. Commissioner*, 324 U. S. 695. In the *Smith* case the Supreme Court intimated that the option itself might be found to be the only intended compensation. Of course, the option itself could only be treated as the intended compensation, where the option purchased had a fair market value at the time of its issuance in excess of the price paid therefor. The burden of establishing such facts rested upon the petitioners. They have endeavored to meet such burden through the testimony of two competent and well-qualified stock brokers, and on this record we think that burden has been met.

We are convinced from all the evidence contained in the record that the stock warrants in question on the date of their delivery to the decedent had a fair market value at least of the $6,000 placed thereon by the decedent and used as his base in fixing the amount of the additional compensation received in 1947 as a result of the issuance and sale to him of such warrants. It is unnecessary in order to dispose of the issue before us to determine the actual fair market value of the warrants on the date of their delivery, since the petitioners' pleadings do not put in issue the question of any greater value than the amount returned in 1947.

The respondent further contends that the additional compensation which the corporation intended to be paid was the consideration received upon the sale of the warrants by the decedent in 1948, and such an intention is evidenced by the fact that the corporation in its income tax return for 1948 claimed a deduction of the amount the decedent received in 1948, as provided in I. T. 3795, *supra*. While in certain circumstances the action taken by the corporation might be a factor to be considered in determining the intent of the parties, we do not think it is controlling. We need not determine whether such action on the part of the corporation was proper since that issue is not before us. The mere stipulated fact that the corporation claimed such a deduction, under the facts here presented, is of no material significance on the issue involved.

We do not agree with the respondent's contention that I. T. 3795 is controlling under the facts here presented. Nor do we think that it was intended to cover stock warrants acquired by purchase, the fair market value of which on the date of delivery was in excess of the amount paid therefor.

We have found as a fact that the sale of the stock warrants in the taxable year was a capital transaction, and the decedent's base is that provided in T. D. 5507, *supra* (footnote 2), and we have so found.

The stock warrants having been held for more than 6 months, the gain from the sale is a long term capital gain. The petitioners in the income tax return filed on behalf of the decedent for the taxable period 1948, in determining the long term capital gain resulting from the sale of the tax warrants, have used a base determined as provided in T. D. 5507.

We hold that petitioners have properly reported the taxable capital gain realized by the decedent from the sale of the stock warrants in the taxable year 1948.

Reviewed by the Court.

*Decision of no deficiency will be entered.*

