ABRAHAM ROSENBERG AND LOIS ROSENBERG, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37719. Promulgated April 6, 1953.

*Joseph Walker, Esq.,* for the petitioners.
*Robert Margolis, Esq.,* for the respondent.

6

8

OPINION.

ARUNDELL, *Judge:* We have before us the factual question whether an option to purchase stock was given to the petitioner Abraham Rosenberg by his employer prior to February 26, 1945, as compensation to be received upon exercise, or was given instead to enable him to acquire a proprietary interest in the employer corporation. This

question, which is primarily a question of intent, arises because of the well-established principle of law that upon exercise of such an option the difference between the option price and the market value at the time of the exercise and receipt of the stock constitutes taxable income to the employee at that time if the option was given as compensation, *Commissioner* v. *Smith*, 324 U. S. 177, but not if it was given to assist him in acquiring a proprietary interest, *Rossheim* v. *Commissioner*, 92 F. 2d 247; *Norman G. Nicolson*, 13 T. C. 690; *Delbert B. Geeseman*, 38 B. T. A. 258.

The respondent contends that the option was given as compensation and, accordingly, he has added to the petitioner's taxable income the difference between the market value and the option price at which petitioner purchased 2,500 shares in the employer corporation in 1946. The limited question presented is whether or not the option to petitioner was given as compensation. At the outset, it is desirable to explain the Commissioner's position in this particular case. After the decision of the Supreme Court in *Commissioner* v. *Smith*, *supra*, dated February 26, 1945, Regulations 111, section 29.22 (a)–1 were amended by T. D. 5507, dated April 12, 1946, 1946–1 C. B. 18, to provide that:

If property is transferred by an employer to an employee for an amount less than its fair market value, regardless of whether the transfer is in the form of a sale or exchange, the difference between the amount paid for the property and the amount of its fair market value is in the nature of compensation and shall be included in the gross income of the employee.

By its terms, however, the amended Regulations were not to apply to options granted prior to February 26, 1945, the date of the decision in the *Smith* case. The language of the Regulations on this point reads as follows:

In the case of property transferred by an employer to an employee pursuant to the exercise of an option granted to the employee before February 26, 1945, the provisions of these Regulations prior to the amendment by this Treasury Decision [No. 5507] shall apply.

In further elaboration of the amended Regulations, the Commissioner issued I. T. 3795, 1946–1 C. B. 15, in which it is stated that:

as respects an option granted to an employee prior to February 26, 1945, unless * * * within the purview of section 29.22 (a)–1 of Regulations 111 prior to the amendments made by Treasury Decision 5507 * * * the employee would otherwise clearly realize income by way of compensation through the exercise * * * of the option, this office will hold that the exercise * * * does not result in income to the employee by way of compensation * * *

We look for our answer to the question presented in the Regulations before their amendment by T. D. 5507 and in the several opinions of the courts in which the question was dealt with under the old Regula-

tions. The pertinent part of Regulations 111, section 29.22 (a)–1, prior to amendment, provided that:

If property is transferred by a corporation to * * * an employee, for an amount substantially less than its fair market value, regardless of whether the transfer is in the guise of a sale or exchange, such * * * employee shall include in gross income the difference between the amount paid for the property and the amount of its fair market value to the extent that such difference is in the nature of (1) compensation for services rendered or to be rendered * * *

The cases in which this and other courts have resolved this question of fact are numerous and no useful purpose would be served by reviewing them here. Each case must be decided on its own peculiar facts, and facts which have been deemed significant under some circumstances may serve as guides but are not necessarily controlling. After carefully studying all the evidence, particularly the employment contract and the testimony of the petitioner, and weighing various factors, some of which were present in previous cases, we have found that the option was not given as compensation but instead was given to satisfy the petitioner's desire to acquire an interest in the corporation at some future time.

The evidence convinces us that the option was granted because the employer and the employee both believed that it was desirable that the employee be given immediate assurance that the stock of the employer corporation, which it seems was closely held by a family, could be purchased by him. The full compensation in the form of salary and a percentage of sales and profits had already been agreed to when at the last moment the parties considered the desirability of giving petitioner this opportunity and thereupon incorporated the option provision in the agreement. In view of the fact that when the petitioner acquired the option in 1938 to purchase at $5.40 per share, the market value was approximately $3 or $3.25 per share, it can hardly be said that the option was given with compensation in mind.

The terms and conditions of the employment agreement as originally drafted were not changed by the granting of this option. The full compensation in the form of salary and a percentage of sales and profits remained the same. We think it is also significant that the option did not replace a prior bonus agreement and, further, that the salary alone, aside from percentage of sales and profits, exceeded the salary petitioner received from his former employer.

It is also significant that the option price and the number of shares subject to the option were not dependent upon the effectiveness of petitioner's services, such as in increasing sales or profits. Furthermore, the purchase, pursuant to the option, required a substantial payment by the petitioner and the stock once acquired could be re-

tained regardless of whether or not the petitioner remained in the employ of the corporation.

The respondent stresses the fact that the employment contract refers to the option as being given "In order to induce you to enter into this agreement." However, as has been previously held, such language is not conclusive, *Herbert G. Springford*, 41 B. T. A. 1001, and *Gordon M. Evans*, 38 B. T. A. 1406, and the reasonableness of this view is apparent here. Not only was this phrase part of a standard type of stock option clause which the attorney for the employer inserted at the last moment in response to instructions to provide an opportunity for the petitioner to share some day in the ownership of the corporation but, in addition, it has little meaning in view of the previous paragraph which deals with the more important matter of salary and percentage of sales and profits. This paragraph provides: "As full compensation for all services to be rendered by you hereunder * * * you shall be paid the following: * * *." The remainder of the paragraph relates to the salary and percentage of sales and profits and nowhere in that paragraph is the option referred to as compensation or even mentioned.

We have also taken into account the fact that the employer claimed a deduction for salary and wages in its fiscal year 1946 incident to the exercise of the option in that year although it did not seek a like deduction in its fiscal years 1943 and 1944 when petitioner exercised his option during those years. However, we think it is clear that petitioner cannot be bound by the action his employer decided to take in connection with the exercise of the stock option. *Delbert B. Geeseman, supra, Estate of Lauson Stone*, 19 T. C. 872.

Two witnesses were called to explain the differences in treatment upon the exercise of the option during the several years but we find nothing in their testimony which we regard as helpful in resolving the question we are called upon to decide.

After a careful consideration of the entire record, we have concluded that the stock option was not given with a view toward compensation but instead was given for the purpose of enabling the petitioner to acquire a proprietary interest in the employer corporation at some future time. Therefore, the petitioner did not realize taxable income upon the exercise of the option in 1946.

From our determination of this issue, it follows that the respondent cannot be sustained in his disallowance of part of the medical expense deduction claimed for the taxable year 1946.

*Decision will be entered under Rule 50.*