Estate of M. K. Kartsen, Deceased, Theodore R. Kartsen, Executor v. Commissioner.
Estate of Kartsen v. Commissioner
Docket No. 44899.
United States Tax Court
T.C. Memo 1954-194; 1954 Tax Ct. Memo LEXIS 50; 13 T.C.M. (CCH) 1042; T.C.M. (RIA) 54300; November 18, 1954, Filed Clarence A. Bradford, Esq., 932 Buhl Building, Detroit, Mich., for the petitioner. Robert J. Fetterman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's income tax for 1950 in the amount of $3,821.16. The sole contested issue is whether sums paid by a corporation for personal medical expenses of its president and minority stockholder is income taxable to such person. All other issues raised by the pleadings have been settled by stipulation. Findings of Fact The stipulated facts are found accordingly. Theodore R. Kartsen is the duly appointed and qualified executor of the estate of M. K. Kartsen, who died November 20, 1950. The federal income tax return *51 of M. K. Kartsen for 1950 was filed with the collector of internal revenue for the district of Michigan, at Detroit. In 1915 M. K. Kartsen organized the Kartsen Catering Company, a Michigan corporation (hereinafter referred to as the corporation), and served as its president until his death on November 20, 1950, at which time he was 80 years of age. The pro rata share of his salary on the date of his death was $12,444.38, or at an annual rate of $14,000. The authorized capital stock of the corporation consisted of 7,000 shares of common stock with a par value of $10, all of which was outstanding during 1950. At his death M. K. Kartsen held 1,000 shares, his son, Theodore R. Kartsen, held 3,500 shares, and C. R. Kartsen, wife of Theodore R. Kartsen, held 2,500 shares. During the taxable year involved the corporation had a group hospitalization and medical insurance plan available to those employees who elected to pay the premiums. The officers elected to be covered by this plan. There was also an understanding between the officers that the corporation would pay medical expenses for the employees in addition to the amount provided by the group plan upon request by the employee *52 and showing of the reason for such request. Payments in cash were made to key employees considered to be worthy by the corporation's officers. There was no official record of this policy or understanding, nor any mention of it in the minutes of the meetings of the stockholders or directors. No notice was ever posted on the corporation's bulletin board with respect to it. During the year 1950 M. K. Kartsen was hospitalized for an indefinite period of time at a personal cost of $2,868.65 for medical expenses. In addition, the corporation paid $8,694.16 for medicine, nurses, and hospital care for M. K. Kartsen, which amount it claimed in its corporate tax return for the taxable year 1950 as an ordinary business expense deduction. Respondent disallowed the corporation's claimed deduction in its entirety. The corporation agreed to such disallowance. In addition to the amounts paid by the corporation for the medical expenses of its officers, one bill was paid for an employee in the amount of $84 in the year 1948. In his determination of deficiency respondent adjusted the net income reported in the 1950 return filed for M. K. Kartsen, deceased, by adding the sum of $8,694.16 as "dividend *53 income," representing the amount paid during that year by the Kartsen Catering Company for personal medical expenses of M. K. Kartsen. Opinion LEMIRE, Judge: The question presented is whether sums paid by a corporation for personal medical and hospital expenses of its president and minority shareholder is income taxable to such person, as determined by the respondent. The record shows that the Kartsen Catering Company was a family-owned corporation founded by M. K. Kartsen, petitioner's decedent. In 1950 the decedent became ill and incurred certain medical expenses. In line with its practice of paying medical bills of the officers and certain key employees considered to be worthy, the corporation paid $8,694.16 on behalf of the decedent who served as president of the corporation since its inception in 1915. That sum was claimed as a business expense deduction on the corporate return filed for 1950 and disallowed by respondent. However, respondent's determination of nondeductibility is not determinative of whether the amount paid by the corporation should be included in the decedent's gross income for 1950. Smith v. Manning, 189 Fed. (2d) 345. Petitioner makes *54 no contention that the amount in question represented a gift from the corporation to the decedent, and in our view the record would not support such a position. There is no evidence of any corporate resolution authorizing a gift, nor is there evidence of any notation to that effect in the minutes of the stockholders' meetings. More significant, however, is the fact that the corporation treated the payment as a business expense in arriving at its taxable net income for 1950 and so claimed it as a deduction in the corporate return filed for that year. Such treatment, we think, negatives an intent to make a gift. Willkie v. Commissioner, 127 Fed. (2d) 953, certiorari denied, 317 U.S. 659; Noel v. Parrott, 15 Fed. (2d) 669, certiorari denied, 273 U.S. 754; Fisher v. Commissioner, 59 Fed. (2d) 192. In view of the decedent's faithful and guiding service to the corporation for 35 years, the payment of his medical expenses incurred at the age of 80 years indicates that payments were made by the corporation as a bonus or as an extra remuneration to the decedent in consideration of services performed. Although made voluntarily *55 and without legal obligation on the part of the corporation, the payments may nevertheless represent compensation for services. Old Colony Tr. Co. v. Commissioner, 279 U.S. 716, 730. Unquestionably, the payments discharged a personal obligation of the decedent and thus benefited him directly. Section 22(a) of the Internal Revenue Code of 1939 is broad enough to include in taxable income any economic or financial benefit conferred on an employee as compensation whatever the form or mode by which it is effected. Commissioner v. Smith, 324 U.S. 177, rehearing denied, 324 U.S. 695. See also Commissioner v. Bonwit, 87 Fed. (2d) 764, certiorari denied, 302 U.S. 694; Yuengling v. Commissioner, 69 Fed. (2d) 971; George Matthew Adams, 18 B.T.A. 381. The payment of the medical expenses of petitioner's decedent, M. K. Kartsen, in the total amount of $8,694.16 during the taxable year 1950 by the Kartsen Catering Company constituted income includible in the gross income of M. K. Kartsen within the purview of section 22(a), Internal Revenue Code of 1939. Decision will be entered under Rule 50.