## COMMISSIONER OF INTERNAL REVENUE
## v. SMITH.

No. 371.   Decided April 9, 1945.

*Mr. Clarence D. Phillips* for respondent.

*Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Messrs. Sewall Key* and *J. Louis Monarch* for petitioner.

*Messrs. Roswell Magill* and *George G. Tyler* filed a brief, as *amici curiae,* in support of the petition.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

Respondent, on motion for rehearing in this Court, for the first time contends that if he is taxable at all after the receipt of the option in 1934, he is taxable as of the date in March, 1938, when he exercised his option, and not when he received the stock in later years.   The only later year in question is 1939 in which he received a substantial part of the stock.   Before the delivery in 1939 and after the exercise of the option in 1938 there was a substantial increase in the value of the stock.   He argues that the tax should be measured by the value of the stock in 1938 less

the option price. Cf. *Palmer* v. *Commissioner*, 302 U. S. 63, 73.

It is true that respondent gave notice of his exercise of the option and paid the option price in 1938. But at that time Western, under its contract with Hawley, had a right to receive but a part of the stock subject to respondent's option; its right to the remainder was conditioned upon its making further payments of Hawley's indebtedness. Respondent's option contemplated delivery to him of Hawley's stock only if and when Western became entitled to receive the stock from Hawley. In fact deliveries of the stock were made to respondent upon each occasion only a day or two after Western received it from Hawley.

The Tax Court found that respondent received compensation "when [he] exercised his option and received the stock." We take it that the Tax Court regarded fulfillment of the conditions upon the right of Western to receive the stock, and therefore of the conditions upon the derivative right of respondent to receive it under his option, as prerequisite to the effective exercise of the option; and that the taxable compensation to respondent intended to be secured by the option was in fact received by respondent as and when the shares of stock were delivered to him, since prior to that time there was no certainty that he would receive the stock. This conclusion of the Tax Court finds ample support in the record, and we concur in it.

We do not have before us a case where by the exercise of an option in one year the taxpayer acquires an unconditional right to receive the stock in a later year. We express no opinion upon the question whether, in such a case, compensation would be received and would be taxable in the earlier or the later year.

The petition for rehearing is denied.

MR. JUSTICE ROBERTS adheres to his dissent.