## TERRELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9835.

United States Court of Appeals
Seventh Circuit.

Feb. 6, 1950.

Raymond E. Hackett, William H. Timbers, Stamford, Conn., for petitioner.

Theron L. Caudle, Assistant Attorney General, Ellis N. Slack, Helen Goodner, Morton K. Rothschild, S. Walter Shine, Assistants, Washington, D. C., for respondent.

Before KERNER, DUFFY and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States. There is no dispute on the facts.

On November 29, 1926, Alfred Terrell, the petitioner, who was then a resident of New York City, entered into a separation agreement with his wife, Ethel K. Terrell, whom he had married in 1900, and who then resided in Pleasantville, New York.

Under the terms of this agreement, petitioner undertook to pay his wife certain sums for her alimony and for the support and maintenance of herself and their two minor sons. The petitioner subsequently defaulted in making payments due under the agreement. His wife thereupon, pursuant to the terms of the agreement, instituted actions against him in the Supreme Court of the State of New York. There were two such actions to recover payments due under the agreement, (1) for the years 1927 and 1930-1936, and (2) for the year 1937.

In the first action an order was entered on May 16, 1939, which directed petitioner to pay his wife the sum of $500 per month, pursuant to a judgment entered against petitioner in the office of the Clerk of the County of New York in the sum of $8,035.-23, in favor of his wife.

In the second action an order was entered June 24, 1941, directing petitioner to pay his wife the sum of $1,000 per month, pursuant to a judgment entered against petitioner on March 29, 1941, in favor of his wife in the sum of $15,974.20. This judgment was affirmed by the Appellate Division of the Supreme Court of New York, Terrell v. Terrell, 264 App.Div. 720, 34 N.Y.S.2d 833, and a petition for leave to appeal therefrom was denied by the Court of Appeals of New York, 288 N.Y. 740, 42 N.E.2d 751. Petitioner paid to his wife, or to her attorneys for her account, $12,000 during the year 1942, and also a like sum during 1943. These payments were made because of the order of June 24, 1941 and the judgment of March 29, 1941, as affirmed by the Appellate Division.

The petitioner now resides in Chicago, Illinois, and filed his federal income tax returns for the periods involved with the Collector of Internal Revenue for the First District of Illinois, at Chicago. The taxes in controversy are federal income and victory taxes for the years ending December 31, 1942 and December 31, 1943. The petitioner's income tax paid for the year 1942 being pertinent because of the provisions of the Current Tax Payment Act of 1943, § 6(f), 26 U.S.C.A. § 1622 note.

The Commissioner of Internal Revenue disallowed the deductions of petitioner's payments of $12,000 for each of the years 1942 and 1943 on the grounds that they were not allowable under the provisions of section 23(u) of the Internal Revenue Code, 26 U.S.C.A. § 23(u), and assessed a deficiency of income and victory tax against petitioner in the sum of $11,881.72.

A proceeding for the redetermination of the deficiency of $11,881.72 in petitioner's income tax, as found by the Commissioner, was brought. The Tax Court upheld the finding of the Commissioner, thereupon the petition for review now before us was filed pursuant to section 1141(a) of the Internal Revenue Code, as amended, 26 U.S.C.A. § 1141(a).

The applicable provisions of the Internal Revenue Code, so far as they are material to the question here involved, provide as follows:

"§ 22. Gross income.

"(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * * *"

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(u) Alimony, etc., payments. In the case of a husband described in section 22 (k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection."

In construing these provisions of the Internal Revenue Code the Court of Appeals for the Second Circuit said in Smith v. Commissioner, 168 F.2d 446, on page 447:

"The taxpayer claims deductions under § 23(u) for the payments made to his wife under the separation agreement during the tax year in question. The allowance of the deductions turns on the question whether or not the payments were includible in the gross income of his wife under § 22(k). For if they were, then the taxpayer could rightly deduct such payments. Examining the single sentence quoted in footnote 1 (Section 22(k)) we find that there are three distinct and unclouded references to the requirement of some sort of judicial sanction for an alteration in the marital status in order that the payments be included in the wife's gross income. Thus it is provided that the wife must be 'divorced or legally separated from her husband *under a decree of divorce or of separate maintenance.*' So, too, the payments must have been 'received subsequent to *such decree.*' And finally, they must discharge an obligation 'under a written instrument *incident to such divorce or separation.*' Clearly, the use of 'such' in the last quoted phrase has reference to the prior language, namely, a separation resulting 'under a decree \* \* of separate maintenance.' It would be difficult, it seems, to find language more definite. Thus the periodic payments may be

deducted only if made under a decree of divorce or of separate maintenance. * *

"* * * The taxpayer's wife was not legally separated from him under a decree of separate maintenance. The payments were not made subsequent to such decree. At no time was the taxpayer legally obligated under any decree or written instrument incident to such decree to make the payments in question. His obligations arose from the agreement. That is not enough. They must be obligations imposed under a decree."

■ Manifestly, under the reasoning in the Smith case, the ruling of the Commissioner in disallowing the deduction of petitioner's payments for the years 1942–43 on the ground that they were not allowable under the applicable provisions of the Internal Revenue Code was correct.

Realizing this, petitioner here urges that the Smith case has, in effect, been overruled by the later case of Commissioner v. Murray, 2 Cir., 174 F.2d 816. In that case the wife's income and victory tax for the year 1943 was involved. It appeared that she, Natalie, and one William B. Murray had been married in 1924, and about two years later had a son who proved to be their only child. The couple separated in 1934 and on January 13 of that year made an agreement for the maintenance of the wife and the child. That agreement provided *"inter alia"* that after the child reached the age of 14 years, the husband agreed to pay the wife 25% of his income with a minimum of $1445 and a maximum of $5200.

In September 1934, the wife sued for and obtained a decree of divorce which gave her custody of the child and incorporated the payments provided for in the agreement of 1934 as the provisions for her support and that of the child. Until 1938, apparently, payments were made as provided in the agreement incorporated in the decree of divorce. Early in 1938, at the suggestion of the husband, a new contract was entered into by the parties which provided that in lieu of the provisions of the contract incorporated in the decree the

husband promised that until his wife should re-marry he would pay her the flat sum of $85 per week. This contract also provided that the wife might have the divorce decree of 1934 modified to agree with the new terms which she might enforce in any legal way. She did now, however, apply for a modification of the decree and the husband made the payments for the year 1943 in accordance with the new contract.

In the Murray case, the court assumed that the second agreement made in 1938 was not incident to the divorce decree. Consequently, it said, 174 F.2d on page 818: "The only 'legal obligation' which was 'imposed upon' the 'husband under' the 'decree' was to make the payments provided by the contract of 1934 (*the first contract*) which was incorporated in the decree, and it would follow that, if the taxpayer (*the wife*) had proved that the payments in 1943 were greater than those due under that contract, any excess ought not to have been included in her gross income. The difficulty is that she did not prove that any part of the payments of 1943 were in excess of those still 'legal obligations' under the decree of 1934." (Matter in parentheses supplied.)

In our opinion Commissioner v. Murray, 2 Cir., 174 F.2d 816, does not alter the holding in the Smith case. As a matter of fact, in the Murray case the court assumed that the statute required that the written instrument must be incident to a divorce or separate maintenance decree, as held in Smith v. Commissioner, 2 Cir., 168 F.2d 446.

The petitioner herein contends that the payments made by him to or for his wife during the years 1942–1943 were payments under the order of the Supreme Court of New York, entered on June 24, 1941, and of the judgment therein entered on March 29, 1941.

■ The mere fact that a court enters a decree or judgment is not sufficient to bring the case under Section 22(k); there must be a decree of divorce or of separate maintenance in order to comply with Section 22(k). In Macfadden v. Commission-

:er, 10 T.C. 1299 decided March 19, 1948 (1948 P-H T.C. Memorandum Decisions, par. 48,036), petition for review dismissed November 10, 1948 (C.A.2d), there was a situation closely resembling the instant case. The taxpayer and his wife entered into a separation agreement in New Jersey in 1932. In 1933, the taxpayer's wife brought suit in New Jersey alleging that the taxpayer failed to make the stipulated payments and praying for specific performance. In 1934 the court entered a final decree and ordered the taxpayer to perform his obligations under the contract. During each of the years 1942 and 1943, the taxpayer paid his wife $15,000, and deducted these payments from his gross income. The Tax Court held that the taxpayer was not entitled to the deduction under Section 23(u) because there had been no decree of divorce or of separate maintenance; the decree was for payments past due and was not a decree of divorce or of separate maintenance within the meaning of Section 22(k). The taxpayer took an appeal which he later dismissed before the appeal was heard.

In Wick v. Commissioner, 7 T.C. 723, affirmed *per curiam*, 3 Cir., 161 F.2d 732, where there was a decree of alimony *pendente lite* prior to the actual decree of divorce, the court held that any amounts paid under a decree prior to the decree of divorce were not deductible by the husband under Section 23(u) and Section 22(k). The Treasury Regulations are to the same effect. See Treasury Regulations 111, Section 29.22(k)-1, Example (1).

Thus, it seems clear that a court order or decree entered to enforce an agreement or contract of separation made by husband and wife is not sufficient in itself to bring a case within the terms of Section 23(u), there must be a decree of divorce or separation and the obligation of payment by the taxpayer must be imposed under that decree or under a written instrument incident to the decree of divorce or separation. In the case at bar there is no such decree.

The order of the Tax Court is therefore affirmed.