THORNE DONNELLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26443. Promulgated May 29, 1951.

*Willis D. Nance, Esq.,* for the petitioner.
*David F. Long, Esq.,* for the respondent.

## OPINION.

HARRON, *Judge:* The facts show clearly that the petitioner was obligated under the decree of divorce from Helen Donnelley to pay her alimony during her life in the amount of $30,000 each year. The Circuit Court adopted and approved the agreement of April 9, 1931, and made the agreement part of the divorce decree. The parties have stipulated that the agreement was incident to the divorce. The payments which the petitioner was obligated to make to his former wife were alimony. There is no question respecting the nature of the payments.

The evidence shows that the petitioner made alimony payments to his former wife in each year, but that the total annual payments were less than the amount he was obligated to pay under the decree of divorce, except in one year. The action which Helen Donnelley instituted on June 14, 1944, was an action to enforce the order of the Circuit Court relating to the annual alimony payments, and was for the purpose of collecting the deficiencies in the annual payments which had accrued over a period of several years. The petitioner at first resisted the suit, but he finally agreed that the objections made in his answer should be stricken, and he agreed to settle the claims of his former wife for alimony arrearages to the extent of $140,000 without interest.

The petitioner claims deduction for attorneys' fees and costs under section 23 (a) (2) of the Code which allows deduction for nonbusiness, ordinary, and necessary expense paid or incurred "for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income." The petitioner invokes the latter clause of section 23 (a) (2), contending that his expenditures were necessary to maintain and conserve his income-producing properties because if his former wife succeeded in her suit to collect alimony arrearages the court might have ordered "sequestration" of his property to provide the collection of the arrearages in alimony. He argues that he was faced with a threat of sequestration and seizure of his property because of the complaint filed in the Circuit Court by his former wife. The petitioner seeks to distinguish this proceeding from *Lindsay C. Howard*, 16 T. C. 157, second issue, on the ground that the taxpayer in that case was "merely faced with an ordinary lawsuit claiming back alimony and there could be no real threat to the properties of the taxpayer in that case."

The question presented is controlled by *Lindsay C. Howard, supra.* We do not find that the facts here are such as to distinguish this pro-

ceeding from the *Howard* case. It is observed that the facts here closely resemble the facts in the *Howard* case, and that in the instant proceeding the facts are that the petitioner did not appeal from the divorce decree, and that at some time prior to February 25, 1946, he abandoned his resistance against his former wife's action against him and agreed, under a settlement, to pay her $140,000 of the total arrearage in alimony payments. Since the petitioner settled the litigation, there never was the entry of an order to attach his property, and the net result of the initial resistance of the action was a compromise and release of part of the claim for money to the extent of at least $47,869 for interest and for over $19,300 of alimony arrearage. Thus, the expenditure for legal fees and costs must have been to save the petitioner from the payment of part of the alimony payments which had accrued and were due. Thereby, part of the personal obligation of the petitioner under the divorce decree was reduced. Under all of the facts, it is said here, as was said in a similar way in the *Howard* case, that the contention that the expenditures for fees and costs represent the ordinary and necessary expenses of preserving and maintaining property held for the production of income because of resistance against enforcement of a personal obligation to pay alimony "leaves us unmoved." Furthermore, to the extent that the expenditures effected a saving of some of petitioner's income from going out in alimony payments, to the extent of about $19,300 at least, again we are not persuaded that section 23 (a) (2) can be applied properly in this proceeding.

We need not restate what we have said in *Lindsay C. Howard, supra,* under the second issue, other than to note that we reiterate here the reasoning expressed there. The suit in 1944 of the petitioner's former wife was to petition the court which had granted the divorce to enforce its decree with respect to the delinquent alimony payments. The 1931 agreement under which the petitioner bound himself to make alimony payments, which was incident to the divorce and which was incorporated in the divorce decree, grew out of the marital relation of the petitioner, and his obligation to pay alimony was personal. We think it is abundantly clear that the petitioner's expenses in the original divorce proceeding could not possibly have been allowed as a deduction under section 23 (a) (2), and since the action instituted in 1944 by the former wife was but a continuation of the same cause—it was instituted under the same court docket number—it follows that the petitioner's expenses in the supplemental litigation were of the same character and likewise fell outside the scope of section 23 (a) (2).

The legislative intent in the enactment of section 23 (a) (2), as shown by the explanation contained in the report of the Ways and Means Committee, H. Rept. No. 2333, 77th Cong., 1st Sess., p. 46,

which is set forth in the margin,[1] was, in general, to correct an inequity in the statute. The statutory provision allowing deduction for ordinary and necessary *business expenses* did not allow deduction for expenses of producing or collecting nonbusiness income or for preserving and maintaining nonbusiness property which produced income. Such nonbusiness income is subject to tax. It was recognized as equitable and fair to allow deduction of the expenses of realizing nonbusiness income. Viewed in the light of the legislative purpose for the enactment of section 23 (a) (2), the petitioner's contention is wholly without merit. The expenses which the petitioner paid and incurred in resisting the fulfillment of his personal obligation under the divorce decree to provide for the support and maintenance of his wife after divorce had not the remotest connection with the ordinary and necessary expenses of the maintenance of property which is productive of nonbusiness income which is subject to tax, or with producing and collecting nonbusiness income.

The Congress has allowed deduction of alimony payments under an agreement incident to a divorce by the enactment of section 23 (u), so that a taxpayer who is obligated to pay alimony now is allowed to deduct such payments from income, but section 23 (u) is a limited provision and does not allow deduction, also, for expenses which are incident to a divorce proceeding or a proceeding involving enforcement of the obligation to pay alimony. The purposes of section 23 (a) (2) are unrelated to the purposes of sections 22 (k) and 23 (u). It can not be argued validly that the charge against income which the personal obligation to pay alimony involves represents or is related to the collection or production of nonbusiness income with which section 23 (a) (2) deals. Under the facts in this proceeding, the issue presented in the former wife's action to collect alimony had no relation to preserving or maintaining property for the production of income within the meaning of section 23 (a) (2).

The petitioner cites *Elsie B. Gale*, 13 T. C. 661, and *Barbara B. LeMond*, 13 T. C. 670. In the proceeding of *Lindsay C. Howard*, *supra*, the taxpayer, on brief, relied upon those cases also, but we did not deem it necessary to point out that they were inapposite under the issue presented. We expressly note here that they are inapposite to the issue presented.

---

[1] H. Rept. No. 2333, 77th Cong., 1st Sess., p. 46 :

The existing law allows taxpayers to deduct expenses incurred in connection with a trade or business. Due partly to the inadequacy of the statute and partly to court decisions, nontrade or nonbusiness expenses are not deductible, although nontrade or nonbusiness income is fully subject to tax. The bill corrects this inequity by allowing all of the ordinary and necessary expenses paid or incurred for the production or collection of income or for the management, conservation or maintenance of property held for the production of income. Thus, whether or not the expense is in connection with the taxpayer's trade or business, if it is expended in the pursuit of income or in connection with property held for the producton of income, it is allowable.

It is held that the legal expenses and costs incurred in resisting the personal obligation to pay alimony under a final decree of divorce are not deductible under section 23 (a) (2).

*Decision will be entered for the respondent.*