## HOWARD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13045.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1953.

---

A. Calder MacKay, Arthur M. Gregor, Howard W. Reynolds, Adam Y. Bennion and Richard N. MacKay, Los Angeles, Cal., for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., L. W. Post and Walter Akerman, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before HEALY, BONE and ORR, Circuit Judges.

HEALY, Circuit Judge.

In this case, which is here on petition to review a decision of the Tax Court, the chief question is whether legal expenses incurred by the petitioner in defense of an action brought by his divorced wife to collect money awarded her in a divorce action are deductible from gross income. The Tax Court held that they are not.

Petitioner and Anita Z. Howard were married in 1925. In 1938 they executed a property settlement agreement providing, in part, that petitioner would pay to Anita during her natural life, or until she remarried, a monthly sum of $1,250, commencing August 1, 1938. In November of that year Anita was granted a final divorce by a Nevada court. The decree ratified and adopted the property settlement agreement and ordered that the covenants therein contained should be performed.

Petitioner made the monthly payments as specified in the agreement from August, 1938, through the year 1941, and then discontinued them. Thereupon Anita commenced an action in a California court to recover the monthly payments alleged to be due her under the terms of the settlement, and praying that the Nevada decree be established as a foreign judgment and enforced by order of the court. Petitioner denied liability on two grounds, (1) that Anita had remarried under common law and hence his obligation to make monthly payments had terminated, and (2) that the property settlement agreement was null and void in that it had been procured by fraud, deceit, and misrepresentation of Anita in particulars not necessary to be stated here. Petitioner prayed for the annulment of the property settlement and of that portion of the Nevada decree purporting to approve and adopt it. The California Superior Court held in favor of Anita. Its decision was reversed by the District Court of Appeals, but was affirmed by the Supreme Court in November, 1945, in Howard v. Howard, 27 Cal.2d 319, 163 P.2d 439.

Section 23(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (2), provides: "In computing net income there shall be allowed as deductions: (a) Expenses * * *. (2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."[1] Petitioner's argument is that the attorney's fee and expenses of defending the above suit are deductible under the clause relative to expenses paid for "the management, conservation, or maintenance of property held for the production of income." The Tax Court thought, and we believe rightly, that the clause affords no basis for the deduction.

Originally the Treasury took the position that counsel fees paid in connection

---

**1.** Provision (2) was interpolated into the section in 1942.

either with efforts to obtain alimony or in resisting alimony claims are not deductible under § 23(a) (2). See I.T. 3856, 1947–1 Cum.Bull. 23. Thereafter the Tax Court held in two cases, Gale v. Commissioner, 13 T.C. 661, and LeMond v. Commissioner, 13 T.C. 670, that expenses paid by the wife to obtain alimony are deductible if the alimony is taxable as income to her, the reasoning of the decisions being that the expenditures were made to produce or collect taxable income. The ruling is now accepted by the Treasury. See Treasury Regulations 111, § 29.24–1, as amended by T.D. 5889, 1952–7 Int.Rev.Bull. 2.[2]

In Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791, the Court said that legal expenses do not become deductible under § 23(a) (2) merely because they are paid for services which relieve a taxpayer of liability. The Section, said the Court, 343 U.S. at page 125, 72 S.Ct. at page 589, "has been applied to expenses on the basis of their immediate purposes rather than upon the basis of the remote contributions they might make to the conservation of a taxpayer's income-producing assets by reducing his general liabilities."

■ The rationale of the Lykes case is determinative here. Indeed in Lykes there was some evidence of an immediate purpose of income production in the making of the gifts which were the occasion of the litigation there, whereas in this instance it does not appear that the petitioner's purpose in defending was other than to relieve himself of liability. Gale v. Commissioner or LeMond v. Commissioner, supra, afford the petitioner no support. In those cases the language of the statute was plainly applicable to the facts. In Baer v. Commissioner, 8 Cir., 196 F. 2d 646, 649–650, the showing was of expense to the taxpayer in resisting a claim which threatened immediate destruction, to a substantial extent, of his capacity to earn income. The legal expense incurred was thought to bear a direct relationship to the management and conservation of property held for the production of income. The court distinguished Lykes v. United States, supra, and held in favor of the taxpayer. The Baer case, we think, affords a good illustration of the proper application of the statute. Compare, also, Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 1237, 89 L.Ed. 1670, where the Court said that § 23(a) (2) "is comparable and in *pari materia* with § 23(a) (1), authorizing the deduction of business or trade expenses."

A subsidiary and purely factual question remains for disposition. In 1942 the petitioner was commissioned a captain in the United States Army Reserve. In November of 1943 a general court martial was appointed to try him on a charge of conduct unbecoming an officer, in that he had dishonorably refused to pay his divorced wife the monthly sums above described. He was acquitted of the charge, and claimed as a deduction his legal expense in defending against it. The Commissioner assessed a deficiency on the ground that the expense was personal.

The Tax Court was of opinion that petitioner was engaged in the trade or business of being an officer and that if he had been convicted he would have been discharged from the trade or business. As regards the legal expenses incurred in defending, the Court made the following finding: "From a careful study of the evidence, which lacks much of being precise and complete, we find that petitioner incurred and paid legal expenses in the amount of $3,522.80 in 1943 and $2,550 in 1944 in connection with the Court Martial proceedings, which amounts are deductible as business expenses."

■ Petitioner's counsel in the suit entitled Howard v. Howard was Walter McGovern of San Francisco, to whom he paid a fee of $5,000 in September 1943. Petitioner employed other counsel in the court martial matter. He contends that one-half

2. These regulations read in part as follows: "Generally, attorneys' fees paid in a suit for divorce or separate maintenance are not deductible. However, the part of an attorney's fee paid in a divorce or separate maintenance proceeding which is properly attributable to the production or collection of amounts includible in gross income under section 22(k) is deductible under section 23(a) (2)."

the $5,000 paid McGovern was for services in the court martial proceeding. The record indicates, however, that McGovern did very much more work in connection with the wife's action than he did in the court martial proceeding. An entry in petitioner's account book reads as follows: "Walter McGovern, legal services, Howard v. Howard, $5,000. Bill dated 9-14-43." The Tax Court was of opinion that the entry referred to the action brought by the wife. Its finding was within its province, and in the ambiguous condition of the record we can not say that the finding was clearly wrong. Cf. United States v. U. S. Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746.

The judgment is affirmed.