**R. Fenley HUNTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 132, Docket 23125.**

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1955.

Decided Feb. 3, 1955.

The stipulated facts are summarized, as follows, in the opinion of Judge Inch [123 F.Supp. 763]:

"Plaintiff [taxpayer] married one Jessie Lines in 1911. In 1932 they separated and while living apart entered into written separation agreements, dated

6. Transcript of Record, pp. 211, 244, 245.

**70**

June 27, 1932 and December 7, 1932, under which plaintiff agreed to make certain payments to his said wife. Thereafter in 1933, plaintiff commenced an action for divorce in Nevada, and a decree was entered therein granting the divorce and ratifying, approving and fully adopting the aforesaid agreements.

"Plaintiff made the payments required to be made under the agreements to his former wife until her remarriage, eight years later, on July 3, 1941. Thereafter plaintiff refused to continue such payments contending that the Nevada decree and the said agreements did not require payments after the remarriage of his former wife.

"The former wife brought suit in the New York Supreme Court to recover the sums alleged to be due her after her remarriage on July 3, 1941, and the Court decided in her favor after two rearguments. On appeal to the Appellate Division of the Supreme Court, Graham v. Hunter, 266 App.Div. 576, 42 N.Y.S.2d 717, she was again victorious by a three to two decision of the Justices. While this plaintiff's appeal from that decision was pending in the New York Court of Appeals plaintiff and his former wife settled their controversy by entering into a new agreement dated December 9, 1943. Under this new agreement plaintiff was required to and actually paid to his former wife $34,260.-79 less than he was required to pay under the 1932 agreements for the years 1941 through 1949.

"Plaintiff paid to his attorneys fees of $6,059.52 in 1944 and $6,000 in 1945 for their services in connection with the New York Supreme Court action and the negotiation and preparation of the new alimony agreement.

It is stipulated that the amount of these fees was reasonable."

Judge Inch entered judgment for the defendant. Taxpayer has appealed.

Gerdes & Montgomery, John Gerdes and Winthrop A. Short, New York City, for appellant.

H. Brian Holland, Ellis N. Slack, John J. Kelley, Jr., Washington, D. C., Leonard P. Moore, Brooklyn, N. Y. (Elliott Kahaner, Brooklyn, N. Y., of counsel), for appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

Taxpayer contends that the attorney's fees are deductible under Section 23(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (2), as "ordinary and necessary expenses * * * for the production * * * of income * * *." He argues that, as the settlement reduced the amount of his liability for alimony and thus increased his taxable net income, it constituted the "production of income." We cannot agree. We think the "production" of income means the creation of increased gross income, not a reduction of liabilities or an increase of net taxable income by a reduction of allowable deductions in computing net income. Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791; Howard v. Commissioner, 9 Cir., 202 F.2d 28.

Affirmed.