George G. McMURTRY

v.

The UNITED STATES.

No. 514–53.

United States Court of Claims.

June 7, 1955.

come for medical expenses. This disallowance resulted from the adjustment in net income when the deduction for legal expense was disallowed. The defendant has moved to dismiss plaintiff's petition on the ground that it fails to state a cause of action. The question to be decided is whether or not the Commissioner properly disallowed the deduction for legal fees.

In 1933 plaintiff married Louise Hunt and they lived together until their separation sometime in 1941. In 1942 as a result of extensive negotiations between attorneys for the plaintiff and an attorney representing his wife it was agreed that plaintiff would establish two trusts in favor of his wife, Louise Hunt McMurtry. A small part of these negotiations concerned the question of custody of the couple's minor child and impending divorce proceedings.

At the time of the negotiations plaintiff was retired and his income consisted in the main of dividends, and secondly, of income from a trust. During the conferences with the wife's counsel the latter demanded that 2,500 to 3,000 shares of American Can Company stock (together with shares of stock in other companies) be placed in a trust for her benefit. Taxpayer's principal income-producing property consisted of American Can Company stock and he was a director of this company and received director's fees as such. His remaining a director of the American Can Company, to some extent, depended on the amount of his stock holdings in such company.

Plaintiff's counsel successfully opposed the demand of the wife's counsel and succeeded in procuring an agreement that there be placed in one trust only 1,500 shares of stock of the American Can Company (together with other shares which the parties had agreed to place in the trust). To secure this agreement plaintiff agreed to assign to another trust a one-third interest in reversion in still a third trust which plaintiff had established in 1933 for his first wife, Mabel Post McMurtry. This reversionary interest was non-income producing

A. Harding Paul, Washington, D. C., R. H. Yeatman, Jr., Washington, D. C., on the brief, for plaintiff.

Edmund C. Grainger, Jr., Washington, D. C., Asst. Atty. Gen., H. Brian Holland, Andrew D. Sharpe, Ellis N. Slack and James Q. Riordan, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

Plaintiff sues to recover an alleged overpayment of taxes for the year 1942. The Commissioner of Internal Revenue disallowed a deduction from the gross income of that year which plaintiff had claimed for legal expenses. He also disallowed part of a deduction from net in-

to plaintiff, all the income being required for payment to the first wife. The work of plaintiff's attorneys preserved to him at least 1,000 to 1,500 shares of the income-producing American Can Company stock demanded by the second Mrs. McMurtry, which shares were at the time producing dividends to plaintiff in the amount of from $4,000 to $6,000 per annum. For these services plaintiff's attorneys charged and received $3,580.07 in fees in 1942.

Plaintiff claims that the attorneys' fees were paid "for the management, conservation, or maintenance of property held for the production of income." He relies on section 23(a) (2) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 23(a) (2), which reads as follows:

"Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

The defendant replies that the legal fees here in question may not be deducted under section 23(a) (2); that they are nondeductible expenses under section 24 (a) (1) which lists among items not deductible in computing net income the following:  ·

"Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x)."

The defendant also relies on Treasury regulations and decisions to support its argument that such fees may not be included among deductions.

■■  In the circumstances we think defendant's motion should be denied. Generally, fees paid by a husband in resisting his wife's monetary demands incident to a divorce are not deductible under section 23(a) (2). Smith's Estate v. Commissioner, 3 Cir., 208 F.2d 349; Howard v. Commissioner, 9 Cir., 202 F.

2d 28; Donnelley v. Commissioner, 16 T.C. 1196. When the controversy between the spouses goes not to the question of liability but to the manner in which it might be met and, at the same time the wife demands a part of the husband's income-producing property, control over which affects the husband's general income-earning capacity, legal fees incurred by the husband are deductible. Baer v. Commissioner, 8 Cir., 196 F.2d 646.

In the Baer case the husband's estate exceeded $6,000,000 consisting largely of stock in a corporation of which he was president. The wife demanded in excess of $1,000,000 in a lump sum which the husband could not provide except by liquidating some of his stock in the company. The stock had a peculiar value to the taxpayer, particularly since his position as president depended on his continuing in control of the company. Had he acceded to his wife's demands it would have, to a considerable extent, destroyed his capacity to earn income. By the efforts of his attorneys the husband succeeded in retaining the voting rights of stock he transferred to his wife and in restricting her right to dispose of it. The court allowed the husband to deduct legal fees he paid in this connection.

■  We think the husband in this case should be given an opportunity to show to what extent he incurred legal expenses to conserve and maintain property held for the production of income. The expenditures must have had a proximate relation to this purpose. Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670. It will be relevant in this connection to show the husband's total financial structure and income and the impact the wife's demands might have had thereon; also to show approximately what proportion of the legal services were utilized in resisting his wife's demands against specific income-producing property and in protecting his tenure in a fees-paying corporate directorship, and to what extent these legal services were used for other phases of the case. See Lykes v.

United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791.

The regulations and decisions cited by defendant are not of particular importance since they do nothing more than restate the statutory and case law on this subject. We do not find that they contain anything to alter our opinion.

Defendant's motion to dismiss is denied and further proceedings will be had before a commissioner of this court.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.