WILLIAM BARTON CRASHLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crashley v. Commissioner
Docket No. 10578-76.
United States Tax Court
T.C. Memo 1979-513; 1979 Tax Ct. Memo LEXIS 15; 39 T.C.M. (CCH) 775; T.C.M. (RIA) 79513; December 26, 1979, Filed Charles Downing, for the petitioner. David Roth and Harry Morton Asch, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $429 in petitioner's Federal income tax for the year 1973. At issue is whether the petitioner, a *16 professional ice hockey player, is entitled to deduct the cost of a personal leadership course as an ordinary and necessary expense under section 162(a) [1] or as an expense for the production or collection of income under section 212. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts together with the attached exhibits are incorporated herein by this reference. William Barton Crashley (petitioner) resided in Placentia, California, at the time he filed his petition in this case. In 1973 the petitioner was employed as a professional hockey player by the Los Angeles Sharks of the Western Hockey Association. His coach introduced a representative of Success Motivation Institute Inc. (SMI) to the team. Petitioner was interested in taking a success motivation course. He paid $578 to enroll in a course prepared by SMI entitled "The Dynamics of Personal Leadership." Five of 20 players on the team took the course. However, it was not required by the management of petitioner's hockey team *17 as a condition of employment and none of the expenses of the course were paid by the management. Petitioner received a textbook entitled "The Dynamics of Personal Leadership" which he studied. He, the four other players and SMI instructor would meet three or four times a week to discuss the course material. The course helped the petitioner improve his mental attitude and set realistic goals. On his Federal income tax return for the taxable year 1973 the petitioner claimed a deduction in the amount of $578 for the "Dynamics of Personal Leadership" course. Respondent disallowed the deduction. OPINION Petitioner argues the cost of the "Dynamics of Personal Leadership" course is deductible under section 162 as an ordinary and necessary expense in his trade or business of being a professional hockey player or, alternatively, under section 212 as an ordinary and necessary expense for the production or collection of income. Section 212(1) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income. Section 1.212-1(f), Income Tax Regs., provides, in part, that "Among expenditures not allowable *18 as deductions under section 212 are the following: * * * expenses of taking special courses or training * * *." Thus, petitioner is not entitled under section 212 to deduct the costs of the personal leadership course. See also section 1.262-1(b)(9), Income Tax Regs.
Section 162 allows as a deduction all ordinary and necessary expenses paid or incurred during the year in carrying on any trade or business. Section 1.162-5, Income Tax Regs., provides, in part, that educational expenses are deductible as ordinary and necessary business expenses if the education maintains or improves skills required by the individual in his employment or other trade or business. Petitioner testified that he took the "Dynamics of Personal Leadership" course to improve his mental attitude during the ice hockey season which he contends benefited his playing performance as a professional ice hockey defenseman. To deduct the cost of the course as an ordinary and necessary expense in carrying on his trade or business of being a professional hockey player, petitioner must show a direct and proximate relationship between the education expenses and his employment. Kornhauser v. United States, 276 U.S. 145, 153 (1928); *19 Bradley v. Commissioner, 54 T.C. 216, 220 (1970). Questions of proximity are for the trier of the facts. Bingham's Trust v. Commissioner, 325 U.S. 365 (1945); Tressler v. Commissioner, 228 F.2d 356 (9th Cir. 1955), affg. a Memorandum Opinion of this Court. Petitioner has failed to carry his burden of proof. Aside from an incidental benefit of perhaps improving his psychological state of mind, the petitioner has failed to show a sufficient connection between his personal leadership course and the skills required in his job as a professional ice hockey player. We have considered the textbook assigned for petitioner's course and we do not think it is directly or proximately related to the type of skills required by professional ice hockey players. There are only occasional allusions to athletes and sports in the textbook. The author of the course book described the scope of the program as follows: The first three lessons establish the foundation and premises of personal leadership. They help you see the limitless potential that exists in even the most "average" individual. They also help you understand and recognize those *20 influences which hold back the natural talents and creativity all men possess. Lesson Four through Six are designed to review and reorient you in the understanding of yourself and how you are internally motivated by attitudes and habits. You will, perhaps, gain new insight into how habits are formed and how they relate to your own behavior. Lessons Seven through Eleven deal with the over-whelming importance of goal-setting as an agent in bringing about those personality and attitude changes that intensify personal motivation. These five lessons are the "how to" portion of his program. They set forth a specific Plan of Action that can help insure your own personal success in all areas of your life because they help you become more goal directed and highly motivated. The final three lessons of this program set forth the atmosphere that must prevail if a virile program of personal leadership is to thrive and grow. Without such a framework, any attempt at personal development becomes mere manipulation and is destined to ultimate failure. But within an enlightened climate of personal maturity and positive expectancy, you can become motivated to a degree of personal leadership *21 that others may dream of, but never attain. [2]
*22 The personal leadership course may have been of value to petitioner socially, psychologically or otherwise. It may have even helped his mental attitude as a hockey defenseman. But for this type of educational business deduction to be allowed, we think there must be a showing of a more direct and substantial relationship to the required skills of a taxpayer's employment. See and compare Carroll v. Commissioner, 51 T.C. 213, 218 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Petitioner acknowledged that the skills generally recognized as required to a greater or lesser extent for the position of defenseman in ice hockey are skating ability, eye-hand coordination, speed, agility and strength. And he admitted that the course did not deal directly with any of these skills. Although the course may have had a subtle effect on his mental attitude toward the game, we are not convinced that there existed the necessary nexus for deductibility between the course taken and the technical knowledge and proficiency to be maintained or improved. Accordingly, we hold that petitioner is not entitled to deduct the cost of the personal leadership course. To reflect *23 concessions made by the parties and our conclusion on the disputed issue, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue, unless otherwise indicated.↩
2. The index of the textbook describes the lessons thusly: LESSON ONE: What Is Personal Leadership?--We Lead Every Day; Man Was Born To Lead; The Rewards of Leadership; An Internal Quality; Questionnaire. LESSON TWO: Preparation For Personal Leadership--Our Untapped Potential; Self-Concept; Self-Motivation; A Matter Of Choice; Questionnaire.LESSON THREE: We are a Conditioned People--What Is Conditioning?; Our Family Influence; Our Social Environment; Mistakes And Failures; Questionnaire. LESSON FOUR: Understanding Motivation - Part I--A Framework For Understanding; The Basic Needs; Emotions And Intellect; Questionnaire. LESSON FIVE: Understanding Motivation - Part II--The Exchange System; The Disadvantages of Leading Through Fear; The Limitations of Leading Through Incentives; The Power of Leading Through Attitudes; Questionnaire. LESSON SIX: Attitudes And Habits--How Habits Are Formed; Altering Present Attitudes; Leadership Inhibitors; Questionnaire. LESSON SEVEN: Five Leadership Essentials--Crystallized Thinking; Written Plans And Deadlines; A Desire For Leadership; Supreme Self-Confidence; Unshakeable Determination; Questionnaire. LESSON EIGHT: Goal-Setting and Personal Leadership--Our Relative Values; The Bases of Goal-setting; Types of Goals; Questionnaire. LESSON NINE: Your Personal Plan For Leadership Action - Part I--Choosing Goals; Goals Commitment; Obstacles To Goals-Achievement; How To Overcome Obstacles; Questionnaire. LESSON TEN: Your Personal Plan For Leadership Action - Part II--The Value of Deadlines; The Rewards of Achievement; Is It Worth It To Me?; Personality Integration; Questionnaire. LESSON ELEVEN: Affirmation and Visualization--What Are Affirmations?; Repetition and Displacement; The Art of Visualization; Concentration and Belief; Sample Affirmations; Questionnaire. LESSON TWELVE: Decision-Making and Problem-Solving--Decisions and The Decision-Maker; How To Make Decisions; The Problem-Solving Process; Questionnaire. LESSON THIRTEEN: Communications and Listening--The Importance of Communications; Empathy in Communications; The Art of Listending; Questionnaire. LESSON FOURTEEN: Live A Full Life!--Positive Expectancy; Creative Leadership; Obstacles To Leadership; The Leadership Challenge; Questionnaire.↩