Harry A. Paton v. Commissioner.
Paton v. Commissioner
Docket No. 55246.
United States Tax Court
T.C. Memo 1956-111; 1956 Tax Ct. Memo LEXIS 185; 15 T.C.M. (CCH) 557; T.C.M. (RIA) 56111; May 8, 1956
*185 1. Held, that attorney's fees and court costs incurred and paid by petitioner in connection with a proceeding for divorce and property settlement were personal expenditures and not deductible in determining net income. 2. Held, that petitioner has failed to establish that payments of alimony to his wife in 1953, pursuant to a decree of divorce, exceeded the amount allowed him as a deduction by respondent's determination. 3. Held, that petitioner is not entitled to deduct as a loss of property by theft an amount disbursed to his wife pursuant to an Order of Court out of funds deposited with the Clerk of the Court. Harry A. Paton, 1435 West Kilbourn Avenue, Milwaukee, Wis., pro se. John L. Pedrick, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined a deficiency in income taxes for the year 1953 in the amount of $872.83, of which $341.84 is in dispute. The issues are (a) whether attorney's fees and court costs incurred in connection with a proceeding for divorce and property settlement to which petitioner was a party are deductible; (b) whether petitioner has established that payments made to his wife in 1953, as *186 alimony pursuant to a decree of divorce, exceeded the amount allowed him as a deduction by respondent's determination; and (c) whether payments disbursed by the Clerk of the Court to petitioner's wife, pursuant to order of Court, out of funds deposited with said Clerk, are deductible by petitioner as a loss of property by theft within the meaning of section 23 (e)(3). [Findings of Fact] All of the facts are stipulated and are incorporated herein by reference. The petitioner resided during the taxable year 1953 at 1435 West Kilbourn Avenue, Milwaukee, Wisconsin, and filed an individual Federal income tax return for such year with the director of internal revenue at Milwaukee, Wisconsin. Sometime prior to April 26, 1951, an action for divorce was commenced by petitioner's then wife, Martha Paton, against petitioner in the Circuit Court, Milwaukee County, State of Wisconsin. During the pendency of such divorce action, an order was entered by the Circuit Court providing for the sale of certain real estate jointly owned by Harry A. and Martha Paton. The property was sold in the year 1951 and the net proceeds amounting to $3,299.13 were deposited with the Clerk of the said Circuit *187 Court. Thereafter the Circuit Court, on motion of Martha Paton, after hearing arguments of counsel for both Martha Paton and petitioner, ordered that the sum of $2,500 be disbursed out of the fund on hand with the Clerk of the Court to Martha Paton to be used in the purchase of real estate in the names of petitioner and Martha Paton and for the purchase of household equipment. The $2,500 was paid out by the Clerk of the Circuit Court on September 16, 1952. During the pendency of the divorce action between petitioner and Martha Paton, petitioner was directed by the Circuit Court to make monthly payments through the Clerk of the Circuit Court for the support of Martha Paton, and pursuant to such direction petitioner in the year 1953, prior to April 27, made payments totaling $360. A hearing was held on April 27, 1953, and the said Circuit Court thereafter, on May 12, 1953, granted a judgment and decree of divorce to Martha Paton from Harry Paton and directed the latter, beginning as of May 6, 1953, to pay the sum of $110 per month through the Clerk of the Circuit Court to Martha Paton. Petitioner made payments of $110 per month during the remainder of the year 1953, as directed *188 by the Court. Petitioner, during the taxable year 1953, expended the sum of $427.55 as attorney's fees and court costs in connection with the divorce action and property settlement between himself and Martha Paton. [Opinion] The first issue relates to respondent's disallowance of a deduction of $427.55 paid by petitioner as attorney's fees and court costs in connection with the divorce proceeding and property settlement between himself and Martha Paton. It is clear that attorney's fees incident to divorce proceedings are personal expenditures and are not deductible in determining net income. See Lindsay C. Howard, 16 T.C. 157 (1951), affd. (C.A. 9, 1953) 202 Fed. (2d) 28; Thorne Donnelley, 16 T.C. 1196, 1201, (1951). Since respondent's determination is prima facie correct, and since petitioner has failed to establish what part of the fees and court costs, if any, are attributable to the property settlement, it is unnecessary for us to decide whether any amount of such fees and costs which might be so attributed, if proved, may be deductible. For completeness, however, we express the view that any such amount would not be allowable *189 as a deduction, and we adhere in this connection to our holding in F. C. Bowers, 25 T.C. 452 (filed December 13, 1955). The second issue relates to respondent's allowance of only $880 out of a claimed deduction of $1,200 for alimony paid to the wife in the year in question. The divorce decree which was entered on May 12, 1953, provided for payments of $110 per month. There is nothing in the record to show that petitioner paid more than $880 alimony to his wife between May 12 and December 31, 1953. Petitioner did, in 1953, but prior to the entry of the divorce decree, make payments totalling $360 for the support of his wife pursuant to Order of Court. An examination of the Order, however, makes it apparent that the payments were of alimony pendente lite. They were not made subsequent to a decree of divorce or of separate maintenance within the meaning of section 22(k) of the Internal Revenue Code of 1939, nor were they made under such a decree or under a written instrument incident thereto. Petitioner is not entitled, therefore, to deduct the payments made in 1953 prior to the entering of the divorce decree. See sections 22(k) and 23(u). Since petitioner has failed to *190 establish payments of more than $880 in 1953, after May 12, respondent's determination must be sustained. The final issue relates to respondent's disallowance of a deduction of $2,500 which petitioner claims on the basis of loss of property by larceny or theft. The payment was made pursuant to an Order of Court by the Clerk of the Court out of the proceeds of the sale (by Order of Court) of certain property jointly owned by petitioner and his wife. The Court's recitation of facts preliminary to the signing of the Order (Exhibit 6-F) shows that petitioner was represented by counsel, that arguments of counsel were heard, and that the Court was fully and sufficiently advised in the premises. There is no indication whatever of irregularity or impropriety in the action taken by the Court, and petitioner has wholly failed to establish any basis for the suggestion of larceny or theft. We sustain the respondent in disallowing the deduction. Decision will be entered for the respondent.