FREDERICK E. ROWE AND MARIAN KNIGHT ROWE, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50646.    Filed June 13, 1955.

*William E. Collins, Esq.*, for the petitioners.
*Graham R. E. Koch, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $567.92 in income tax for 1949. The only issue for decision is whether the Commissioner erred in disallowing a deduction of $1,500 representing an attorney's fee. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners, husband and wife, residing in Dallas, filed a joint income tax return for 1949 with the collector of internal revenue for the second district of Texas.

Gloria D. Foster died testate in 1943. Her estate consisted principally of producing oil and gas properties. She placed most of her estate in a residuary trust in which Marian Knight Rowe had a vested remainder. The life tenant contested the will. The contest was completely settled by an agreement dated September 20, 1944. The residuary trust created by the will was revised pursuant to the settlement agreement and, as revised, provided that the trust was to be divided at the death of the life tenant into two equal parts which were to be held in trust, subject to payments of small parts of the income to three persons named in the decedent's will; the two parts were to be paid over to the remaindermen after the deaths of those three persons; and one-half of one of those parts was to go to Marian Knight Rowe. The trustees were given broad discretion under the will in determining the portion of receipts of the estate to be allocated between the corpus and income of the estate but they agreed to make the allocation in accordance with the provisions of law applicable at the time without regard to the discretion granted in the will.

A dispute arose later between the executors and the life tenant and her assignee with respect to the method of allocating the proceeds

of sale of oil and gas runs between income and corpus, and when administration of the estate had been completed, the executors instituted suit on September 30, 1947, for the approval of their final account which embraced, *inter alia*, the setting aside of a reserve for depreciation in accordance with the practice followed by the decedent and a reserve for depletion, based upon cost or percentage, whichever was higher. Marian Knight Rowe became a party to that suit and contended that the executors had made proper allocations of receipts between income and corpus. The court rendered judgment on the depreciation and depletion issues substantially as requested by the executors and by Marian. The decree became final. Marian paid her lawyer a fee of $1,500 in 1949 for representing her in the suit. It has been stipulated that the fee was reasonable in amount and was ordinary and necessary.

The petitioners on their return claimed a deduction for the entire amount of the legal fee. The Commissioner, in determining the deficiency, disallowed the deduction on the ground that it was paid for defending or perfecting title to property. •

The petitioners claim the right to deduct the fee under section 23 (a) (2) (1939 Code) as a non-business expense. That provision allows a deduction to an individual for all of the ordinary and necessary expenses paid during the taxable year "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." Expenditures incurred in defending or perfecting title to property constitute a part of the cost of the property and are not deductible expenses. Marian's right and title to one-fourth of the corpus of the trust subject to the life estates was settled by the agreement disposing of the will contest. The fee was not paid to acquire that title. Cf. *Allen v. Selig*, 200 F. 2d 487. The petitioners contend, *inter alia*, that the fee in question, paid a number of years later, was paid for the conservation or maintenance of property held for the production of income.

The Commissioner agrees that Marian held a vested remainder interest in one-fourth of the trust corpus but argues that it was an unknown quantity because "it was not certain that it would contain reserves for depreciation and depletion." He insists that it was a fee paid to defend or perfect Marian's title to the remainder interest. The stipulated facts show, however, that the interested parties agreed in 1944 that reserves for depreciation and depletion would be set aside by the fiduciary from production receipts and the court sustained that action of the executors.

Marian paid the fee to conserve and maintain her remainder interest in the trust corpus by having left as a part thereof the income of the trust which was withheld from the life beneficiary and properly set aside as corpus in the form of reserves for depreciation and depletion of that corpus as oil or gas was removed. The vested remainder interest which Marian held in one-fourth of the trust corpus was property held by her for the production of income within the meaning of section 23 (a) (2). The regulations recognize that the property need not produce income taxable to the petitioner in the year of the expenditure. No case involving a similar set of facts has been cited or has come to our attention. Cf. *Mary deF. Harrison Geary*, 9 T. C. 8; *Stella Elkins Tyler*, 6 T. C. 135. We hold that the fee was paid for the conservation or maintenance, or both, of property held for the production of income within the meaning of section 23 (a) (2).

*Decision will be entered under Rule 50.*