**J. W. SEFTON, Jr., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 17030.

United States Court of Appeals
Ninth Circuit.

June 28, 1961.

John A. Brant, San Diego, Cal., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Harold M. Seidel and Fred E. Youngman, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Petitioner sought to redetermine an income tax deficiency assessed against him for the year 1953 in the sum of $14,214.19. This deficiency arose from the disallowance by the Commissioner of two items taxpayer claimed deductible; namely: (1) $39,533.49 allegedly paid by him as interest during 1953;[1] and (2) $8,037.06 paid by him as attorneys' fees and costs in certain litigation during 1953.

In 1949 petitioner's wife had sued him to recover $242,229.82 (hereinafter referred to as Item 3) alleged to be profits from sales of stock allegedly owned by her; (Item 4) $4,116.60 in dividends received by him and allegedly belonging to her; (Item 5) $20,009.30 in moneys allegedly borrowed from her; (Item 6) $42,694.85 allegedly spent by her for her maintenance; (Item 7) $5,378.61 allegedly due her as interest; (Item 8) $100,000 exemplary damages; (Item 9) 214 shares of stock of Container Corporation stock; (Item 10) 100 shares of stock of Western Invest-

ment Company stock; (Item 11) an undisclosed amount, representing interest at seven per cent on all sums due the wife.

Petitioner cross-complained for (Item 12) $20,000; and (Item 13) 513 shares of Container Corporation stock.

The matter was tried in 1953 and the court awarded petitioner's wife the following: (Item 14) $12,046 as dividends from stock owned by the wife; (Item 15) $399.13 taken by petitioner from the wife's bank account; (Item 16) $120,114.27, representing profit on sale of Point Loma, a holding company stock; (Item 17) $39,533.49, interest, or a total of (Item 18) $172,092.89.

On petitioner's cross-complaint, the court held petitioner was entitled to (Item 19) $11,819.64, including interest of (Item 20) $506.74.

The trial court subsequently reduced the wife's judgment against petitioner by (Item 21) $3,597.82, the amount petitioner claimed as interest on moneys paid by him into the bank account of the wife. The net judgment was, therefore, (Item 22) $156,675.43, plus costs of (Item 23) $321.45, or (Item 24) $156,996.88. The court specifically held the wife was not entitled to recover for her support and maintenance (Item 6, supra), but found its value to be (Item 25) $14,000.67. The court denied the wife recovery of the 214 Container Corporation shares of stock (Item 9, supra), but granted her recovery of the 100 Western Investment Company shares of stock (Item 10, supra).

In July 1953 each side appealed—the petitioner from the entire judgment— the wife from the disallowance of her maintenance and support. (Item 6, supra, found to be of the value set forth in Item 25, supra.)

Thereafter, counsel for husband and wife reached a settlement of the $156,996.88 judgment (Item 24) against petitioner for (Item 26) $142,500 to be paid to the wife, plus the delivery of

---

[1]. Each figure mentioned in this opinion (save the first) will be designated as an item by number for convenience in subsequent reference.

the 100 shares of Western Investment Company stock. This settlement was in full satisfaction of the judgment.

Counsel for the wife agreed to the settlement, *provided,* and only *if, the amount petitioner was to pay was allotted by agreement* on account of the following:

(Item 27) "Account of capital gain on sale of Point Loma, a holding company stock, $120,114.27.

(Item 28) "Account of cost of boat repair taken from Mrs. Sefton's account, $399.13.

(Item 29) "Account of dividends of San Diego Bank stock, $300.

(Item 30) "Refund on account of her living expenses [her cross-appeal], $14,000.67.

(Item 31) "Account of costs of suit, $611.45.

(Item 32) "Account of dividends on Western Investment Company stock (amount received by Mr. Sefton and foundation $11,746.00) $5,-873.00.

(Item 33) "Balance being interest, $1,201.48."

This allocation was agreed to by petitioner. The $142,500 (Item 26) was paid, full satisfaction of the judgment was entered, and the respective appeals abandoned.

It is petitioner's position that the $142,500 (Item 26) was paid in settlement of Item 24 $156,996.88 (made up of Items 12 to 23, inclusive, supra), and that the real character or substance of this payment was not changed by the wording of the compromise agreement.

As a second point, with respect to the legal fees (Item 2, supra), petitioner claimed them to be reasonable, necessary, and having a direct and proximate relationship to the production of income and the maintenance of property held for the production of such income.

The Commissioner denies the business claim made with respect to the legal fees, and asserts this expense was purely and exclusively a personal expense. He then suggests that as to the first Item (the interest awarded by the court), a taxpayer, innocently or otherwise,[2] cannot make a tax return showing a liability of $39,533.49 (Item 17, supra) for interest,[3] when by written agreement in full settlement of an obligation which included Item 17, he purports to pay but $1,201.48 (Item 33, supra) as interest; that such compromise and satisfaction is a legal agreement binding upon both parties and superseding the judgment.

At the hearing of this matter in the Tax Court of the United States the evidence introduced brought out that the form of the settlement (the language used in describing Items 27 to 33, supra) was insisted upon by counsel for the wife in order to obtain a tax advantage for her. "[M]any of those items [27–33] * * * were not taxable to her at all," and "such difference in value" (between payment of principal to the wife as opposed to interest) "did form part of the settlement intent." The settlement would only be approved by counsel for the wife on that basis, and petitioner's counsel were so advised prior to the settlement.

Petitioner relies heavily on (and cites only) the language of Albert J. Goldsmith, 22 T.C. 1137 at page 1144. There the taxpayer, receiving $8,000 in settlement of a suit for rescission of a sale of stock, had reported the sum as proceeds from the sale of capital assets. The defendants designated it as "sev-

2. Petitioner did not care to discuss the tax consequences of the settlement with his attorney. "I was so fed up with the whole thing I did not care." (Tr. p. 51.)

3. To be accurate, petitioner does not claim as interest the total amount awarded his wife in the judgment (Item 17), for the amount of interest was prorated downward with all other items making up the judgment by the total amount saved petitioner by means of the settlement.

erance pay." The Tax Court concluded the designation "severance pay" was not a true description of the nature of the consideration paid. We agree. "Severance pay" was an unreal, inaccurate and untruthful designation. Here there was no artificial designation. The $142,500 was paid to satisfy a list of obligations itemized with particularity because counsel for the wife would accept payments designated in no other way. The fact that the total amount paid in the settlement and satisfaction coincided roughly with the amount of the judgment ordered did not change what was paid for specifically designated items into consideration paid for something else. Here, when "X" dollars were paid for "Y", "Y" was a true description of what was agreed upon between the parties, and it was that agreement which resulted in the satisfaction of judgment. There was no meeting of the minds on any other basis. It also resulted in something which could not have been accomplished by direct payment of the judgment (because counsel for the wife would not agree to it). This was merely a fortuitous by-product of the transaction. As the government well says: "The [settlement] agreement was not arbitrary and unrealistic, and he [petitioner] was not forced into it." He cannot now withdraw from what he heretofore chose to do, and thus repudiate what he willingly entered into. Davis v. Commissioner of Internal Revenue, 1942, 46 B.T.A. 663, 671, 672; William C. Atwater & Co. v. Bowers, D.C.S.D.N.Y., 1934, 5 F. Supp. 916.

■ As to petitioner's second point, it seems obvious the legal fees and costs he incurred were not incurred in his business as a banker, nor for the production or collection of income, but arose solely and exclusively out of taxpayer's personal relationship with his wife.[4]

■ We agree that petitioning taxpayer has the burden of showing that his expenses of suit fall within § 23(a)(2) [5] and outside § 24(a) (1) and (2).[6] In a gift tax case (Lykes v. United States, 1952, 343 U.S. 118, 72 S. Ct. 585, 96 L.Ed. 791) the Court stated:

"Legal expenses do not become deductible merely because they are paid for services which relieve a taxpayer of liability * * * Section 23(a) (2) has never been so interpreted by us. * * * [N]either its size nor its urgency [of the claim sought to be defeated] determined its character." Id., 343 U.S. at page 125, 72 S.Ct. at page 589.

---

4. If petitioner was protecting title to his property from his wife's claims, the law requires expenditures incurred for the purpose to be capitalized. Taxpayer has failed to show what part, if any, should be deductible, and therefore is entitled to none.

5. "Internal Revenue Code of 1939:
"Sec. 23. Deductions from Gross Income.
"In computing net income there shall be allowed as deductions:
"(a) [As amended by Sec. 121(a), Revenue Act of 1942, c. 619, 56 Stat. 798] Expenses.—
"* * * * *
"(2) Non-trade or non-business expenses.—
"In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. * * *" (26 U.S.C.1952 ed., § 23.)

6. "Sec. 24. Items not deductible.
"(a) [As amended by Sec. 127(b) Revenue Act of 1942, supra.]
General rule.—
"In computing net income no deduction shall in any case be allowed in respect of—
"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under Section 23(x);
"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate, except expenditures for the development of mines or deposits deductible under section 23(cc): * * *" (26 U.S.C.1952 ed., § 24.)

The Tax Court's finding that petitioner has failed to sustain his burden of proof is not clearly erroneous. (Rule 52(a), Fed.R.Civ.P. 28 U.S.C.A.) The extent to which our authority goes on appeals of this kind is to determine if the finding below was or was not clearly erroneous. Holding it was not, the judgment is affirmed.