*Decision will be entered under Rule 50.*

HENRY M. ROCKWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83566. Filed November 21, 1961.

*Wright Matthews, Esq.,* for the petitioner.
*George Voss, Esq.,* for the respondent.

## OPINION.

BLACK, *Judge:* The sole issue presented is whether petitioner may deduct the expenses, including a payment for settlement and attorneys' fees, in defense of a suit for breach of promise to marry and for damages as ordinary and necessary expenses of the conservation or maintenance of property held for the production of income under section 212(2) of the 1954 Code.[1]

Petitioner contends that since he would have had to sell some of his income-producing stocks and bonds in order to satisfy a judgment against him in the suit for breach of promise to marry, the expenses he incurred in defending against and settling it were ordinary and necessary for the conservation of his income-producing property. Respondent, on the other hand, contends that the expenses were personal

---

[1] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

    \*       \*       \*       \*       \*       \*       \*

  (2) for the management, conservation, or maintenance of property held for the production of income; \* \* \*

expenses, deduction of which is barred by section 262 of the 1954 Code [2] as interpreted by section 1.262–1(b)(6), Income Tax Regs.[3]

The deduction of personal expenditures has been barred by income tax statutes since 1913.[4] In section 215(a) of the Revenue Act of 1918 it was provided:

SEC. 215. That in computing net income no deduction shall in any case be allowed in respect of—

(a) Personal, living, or family expenses;

The respondent, in interpreting that section of the Revenue Act of 1918, stated in O.D. 546, 2 C.B. 157 (1920):

Amounts paid as damages for breach of promise to marry are considered personal expenses which are not deductible from the gross income of the taxpayer.

The Revenue Acts of 1921, 1924, 1926, 1928, 1932, and 1934 contained the same language as section 215(a) of the Revenue Act of 1918.[5]

In Article 24–1 of Regulations 86 (relating to the income tax under the Revenue Act of 1934) the language of O.D. 546, *supra*, was expanded for the first time incorporated in the regulations, as follows:

Amounts paid as damages for breach of promise to marry, attorneys' fees and other costs of suit to recover such damages, attorneys' fees paid in a suit for separation, alimony, and an allowance paid under a separation agreement are not deductible from gross income. * * *

The same language appeared in Regulations 94, art. 24–1, which interpreted the Revenue Act of 1936,[6] and Regulations 101, art. 24–1, which interpreted the Revenue Act of 1938.[7] Similar prohibitions against the deduction of damages and costs arising out of a suit for breach of promise to marry were contained in Regulations 103, sec. 19.24–1 (1940); Regulations 111, sec. 29.24–1 (1942); and Regulations 118, sec. 39.24(a)–1(1952), all of which interpreted section 24(a)(1) of the 1939 Code.

---

[2] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

[3] Sec. 1.262–1. Personal, living, and family expenses.

\* \* \* \* \* \* \*

(b) *Examples of personal, living, and family expenses.* Personal, living, and family expenses are illustrated in the following examples:

\* \* \* \* \* \* \*

(6) Amounts paid as damages for breach of promise to marry, and attorney's fees and other costs of suit to recover such damages, are not deductible.

[4] The Tariff Act of October 13, 1913, sec. II(B), 38 Stat. 167; Revenue Act of 1916, title I, part I, sec. 5(a)(1), 39 Stat. 759.

[5] Revenue Act of 1921, sec. 215(a),(1), 42 Stat. 242.

Revenue Act of 1924, sec. 215(a)(1), 43 Stat. 271.

Revenue Act of 1926, sec. 215(a)(1), 44 Stat. 28.

Revenue Act of 1928, sec. 24(a)(1), 45 Stat. 802.

Revenue Act of 1932, sec. 24(a)(1), 47 Stat. 183.

Revenue Act of 1934, sec. 24(a)(1), 48 Stat. 691.

[6] Revenue Act of 1936, sec. 24(a)(1), 49 Stat. 1662.

[7] Revenue Act of 1938, sec. 24(a)(1), 52 Stat. 464.

The Supreme Court has said in *Helvering* v. *Winmill*, 305 U.S. 79, 83 (1938), that in the interpretation of tax statutes:

Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law.

We believe the legislative and regulatory history which we have outlined above brings the section of the regulations upon which respondent relies clearly within the class to which the Supreme Court referred in the *Winmill* case.

Petitioner contends that the regulation is inconsistent with section 212(2) of the 1954 Code which was first enacted in 1942 as section 23(a)(2) of the 1939 Code. In so contending, petitioner urges that it was the intent of Congress to permit deduction of such expenses by the enactment of the section relating to deduction of nontrade or non-business expenses. In *Lykes* v. *United States*, 343 U.S. 118, 121–123 (1952), the Supreme Court explained that prior to the 1942 enactment, section 23 of the 1939 Code—

made no mention of nontrade or nonbusiness expenses. Accordingly, in Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783, when this Court held that expenses incurred by an individual taxpayer in looking after his own income-producing securities were not expenses "incurred * * * in carrying on any trade or business," it also held that they were not deductible.[5]

To change that result, Congress, in 1942, added the present § 23(a)(2).[6] That provision as demonstrated in its legislative history, permits the deduction of some, but not all, of the nontrade and nonbusiness expenses of an individual taxpayer. It specifies those paid or incurred (1) "for the production or collection of income" or (2) "for the management, conservation, or maintenance of property held for the production of income." See H.R. Rep. No. 2333, 77th Cong., 2d Sess.[7] Congress might have gone further. However, neither the decision that occasioned the amendment, the Committee Reports on it, nor the language adopted in it indicate that Congress sought to make such a change of policy as would authorize widespread deductibility of personal, living or family expenditures in the face of § 24(a)(1). Bingham's Trust v. Commissioner, 325 U.S. 365, 374, 65 S.Ct. 1232, 1237, 89 L.Ed. 1670; McDonald v. Commissioner, 323 U.S. 57, 61–63, 65 S.Ct. 96, 97–98, 89 L.Ed. 68. [Footnotes omitted.]

Petitioner relies on *Baer* v. *Commissioner*, 196 F. 2d 646 (C.A. 8, 1952), and other cases[8] which have followed that precedent, to support the deductions here sought. Those cases involved the deductibility of expenses incurred in connection with separations or divorces in which most of the expenses were concerned with the arrangements of property settlements. The Court of Appeals for the Eighth Circuit in the *Baer* case said at page 651:

Here the services, to the extent found by the Tax Court, were not to prevent the payment of the liability due Mrs. Baer but to adjust the method of satisfying that liability as not unnecessarily to reduce petitioner's income from the property he confessedly owned * * *

[8] E.g. *Owens* v. *Commissioner*, 273 F.2d 251 (C.A. 5, 1959); *Bowers* v. *Commissioner*, 243 F.2d 904 (C.A. 6, 1957).

As was pointed out in *McMurtry* v. *United States*, 132 F. Supp. 114, 116 (Ct. Cl. 1955), the *Baer* case stands for the proposition that—

When the controversy between the spouses goes not to the question of liability but to the manner in which it might be met and, at the same time the wife demands a part of the husband's income-producing property, the control over which affects the husband's general income-earning capacity, legal fees incurred by the husband are deductible.

We think that the *Baer* case upon which petitioner so strongly relies is entirely inapplicable to a decision of the instant case. The facts of the two cases are entirely different.

As was said by the Supreme Court in *Lykes* v. *United States, supra:*

Legal expenses do not become deductible merely because they are paid for services which relieve a taxpayer of liability. That argument would carry us too far. It would mean that the expense of defending almost any claim would be deductible by a taxpayer on the ground that such defense was made to help him keep clear of liens whatever income-producing property he might have. * * *

The Supreme Court in the *Lykes* case was speaking of section 23(a)(2) of the 1939 Code which has its counterpart in section 212(2) of the Revenue Act of 1954. As to section 23(a)(2), the Supreme Court went on to say in the *Lykes* case:

It has been applied to expenses on the basis of their immediate purposes rather than upon the basis of the remote contributions they might make to the conservation of a taxpayer's income-producing assets by reducing his general liabilities. * * *

We hold, therefore, that petitioner is not entitled to deduct the expenses arising from the breach of promise suit in the amount of $34,502.11.

*Decision will be entered for the respondent.*