WILLIAM ROBERT FRANKLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94570. Filed October 24, 1962.

*Duane W. Beckhorn, Esq.*, for the petitioner.
*W. Dean Short, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* The question presented for our decision is whether attorneys' fees paid to resist demands from two groups of attorneys participating in the settlement of a will contest may be deducted as ordinary and necessary expenses paid for the conservation or maintenance of property held for the production of income within the meaning of section 212 of the Internal Revenue Code of 1954.[2]

Petitioner contends that the legal fees paid in defending his income-producing property against attachment proceedings brought by Sanford and Johnson and Eisenhart and Bonuso constitute ordinary and necessary expenses paid for the conservation or maintenance of income within the meaning of section 212 of the Internal Revenue Code of 1954.

Respondent argues that the expenditures in question should be classified as nondeductible personal living expenses under section 262 of the 1954 Code[3] for the reason that attorneys' fees incurred to reduce petitioner's liability for legal services rendered in connection with a will contest are not deductible and, further, that legal fees paid to reduce petitioner's liability for such legal services do not become deductible under section 212 by reason of the fact that property held for the production of income may be sold or used to satisfy the liability, citing *Lykes* v. *United States*, 343 U.S. 118.

Section 212, quoted in the margin, allows the deduction for all the ordinary and necessary expenses for the management, conservation, or maintenance of property held for the production of income. The statutory language "ordinary and necessary" implies that expenses, in

---

[2] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

 *      *      *      *      *      *      *

    (2) for the management, conservation, or maintenance of property held for the production of income; * * *

[3] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

order to be deductible, must be reasonable in amount and must bear a proximate relation to the management, conservation, or maintenance of property held for the production of income. *Lykes* v. *United States, supra; Trust of Bingham* v. *Commissioner*, 325 U.S. 365; sec. 1.212–1(d), Income Tax Regs.[4]

Respondent does not contend that the legal fees paid to Kiefer and Duff were unreasonable in amount. Respondent questions the proximate relation of such expenses to the management, conservation, or maintenance of the property held for the production of income.

It is well settled that expenditures incurred in defense of or to perfect title to property are not deductible, but are capital expenditures to be added to the cost of the property. *Robert L. Wilson*, 37 T.C. 230, on appeal (C.A. 5, 1962); *Porter Royalty Pool, Inc.*, 7 T.C. 685, affd. 165 F. 2d 933, certiorari denied 334 U.S. 833.

The deductions claimed by petitioner for legal fees incurred with respect to the settlement of the will controversy have been conceded. The deductions in question represent expenditures for legal services rendered in defense and settlement of the attachment proceedings brought to reduce to judgment and enforce payment of petitioner's liability for legal services rendered. The nature of the attachment proceedings did not constitute an attack on petitioner's title in the property which was attached. The litigation between petitioner and Sanford, Johnson, Eisenhart, and Bonuso was over petitioner's liability and, if liable, the amount of such liability for legal services he received. Therefore we do not decide this case on the ground that the expenditures for legal services paid to Kiefer and Duff are not deductible under section 212 because they were incurred in defending or perfecting petitioner's title to property in connection with a will contest.

In *Henry M. Rockwell*, 37 T.C. 246, we quoted from and followed that portion of *Lykes* v. *United States, supra*, which explained that by enactment in 1942 of section 23(a)(2) of the 1939 Code, the predecessor of section 212 of the 1954 Code, Congress did not intend to authorize widespread deductibility of personal, living, or family expenditures which was prohibited by section 24(a)(1) of the 1939 Code, the predecessor of section 262 of the 1954 Code. The rationale of this rule was explained in *Lykes* v. *United States, supra* at 125, as follows:

Legal expenses do not become deductible merely because they are paid for services which relieve a taxpayer of liability. That argument would carry us

---

[4] Income Tax Regs.
Sec. 1.212–1   Nontrade or nonbusiness expenses.
   (d) Expenses, to be deductible under section 212, must be "ordinary and necessary". Thus, such expenses must be reasonable in amount and must bear a reasonable and proximate relation to the production or collection of taxable income or to the management, conservation, or maintenance of property held for the production of income.

too far. It would mean that the expense of defending almost any claim would be deductible by a taxpayer on the ground that such defense was made to help him keep clear of liens whatever income-producing property he might have. For example, it suggests that the expense of defending an action based upon personal injuries caused by a taxpayer's negligence while driving an automobile for pleasure should be deductible. Section 23 (a) (2) never has been so interpreted by us. It has been applied to expenses on the basis of their immediate purposes rather than upon the basis of the remote contributions they might make to the conservation of a taxpayer's income-producing assets by reducing his general liabilities. See *McDonald* v. *Commissioner, supra,* at 62–63. [323 U.S. 57.]

This view is also reflected in section 1.212–1 (m), Income Tax Regs., which provides, in part, that an expense paid in determining or contesting a liability asserted against a taxpayer does not become deductible by reason of the fact that property held for the production of income may be required to be used or sold in satisfying such a liability. This same language appeared in section 29.23 (a)–15 (b), Regs. 111, as amended by T.D. 5513, 1946–1 C.B. 61, which the Supreme Court in *Lykes* found to be entitled to great weight because it survived several amendments by Congress to the Internal Revenue Code.[5]

In the present case the legal fees paid to Kiefer and Duff were incurred by reason of the dispute between petitioner and his other attorneys. Although the litigation between petitioner and his attorneys involved the attachment of petitioner's income-producing property, and although such property was used and sold in satisfaction of the liability determined to be due, it does not appear that petitioner's purpose in defending himself in the suits brought by his attorneys was other than to minimize his liability for the fees involved in those suits. The amounts paid to Kiefer and Duff were therefore not proximately related to the management, conservation, or maintenance of property held for the production of income but, rather, were proximately related to the will contest suit out of which the litigation arose. Accordingly, the rationale of the *Lykes* case is determinative here. Cf. *Sefton* v. *Commissioner,* 292 F. 2d 399, affirming a Memorandum Opinion of this Court; *Lewis* v. *Commissioner,* 253 F. 2d 821, affirming 27 T.C. 158; *Richardson* v. *Commissioner,* 234 F. 2d 248, affirming a Memorandum Opinion of this Court; *Henry M. Rockwell, supra.* We hold that the legal fees paid to Kiefer and Duff by petitioner in the amounts of $1,100 and $9,375.08 in the years 1957 and 1958, respectively, are not deductible pursuant to section 212 of the Internal Revenue Code of 1954.

Petitioner relies on several cases which, in our opinion, are distinguishable. In *Willy Zietz,* 34 T.C. 369, petitioner incurred legal ex-

---

[5] See also sec. 39.23 (a)–15 (k). Regs. 118.

Major enactments since *Lykes* v. *United States,* 343 U.S. 118, without resulting in congressional change to the Commissioner's regulation, include Internal Revenue Code of 1954; Technical Amendments Act of 1958, 72 Stat. 1606; Revenue Act of 1962, 76 Stat. 960.

penses in obtaining the dismissal of suits in which his income-producing property was attached. The thrust of the suits against petitioner was to obtain petitioner's income-producing property itself by asserting title thereto. This Court found that the attack on the petitioner's title was not bona fide and that he was forced to act to keep his income-producing property free from attachment under a malicious claim wholly without merit. We concluded that the legal expenses incurred under these circumstances bore a reasonable and proximate relation to the conservation of property held for the production of income. Notably absent in the instance case is an attack on petitioner's title to his income-producing property which was malicious and wholly without merit.

In *Frederick E. Rowe*, 24 T.C. 382, the petitioner acquired a remainder interest in a testamentary trust by settlement of a will contest. The executors instituted a suit for the approval of their final account which included a request for approval of their allocation to corpus, pursuant to the settlement of the will controversy, of certain reserves for depreciation and depletion. The executors were opposed by the life tenant and her assignee. The petitioner incurred legal fees by intervening in the suit in support of the executors' allocation. The Commissioner disallowed the deduction for such legal fees on the ground that they were paid for defending or perfecting title to property. We found that the expenditures incurred by petitioner were not related to title, but were incurred to maintain and conserve petitioner's remainder interest in the trust corpus which properly included income set aside in the form of reserves for depreciation and depletion. The legal fees incurred in *Rowe* did not relate to a liability asserted against petitioner, which is the subject of the instant case, but were related to the conservation or maintenance of the integrity of the trust corpus, petitioner's income-producing property.

In *Baer* v. *Commissioner*, 196 F. 2d 646, legal expenses paid in connection with a divorce proceeding were held to be deductible. It was found in that case that the expenditures for legal services were not incurred in contesting or reducing the taxpayer's liability for alimony to his wife, but were incurred in providing for the liability without impairing the taxpayer's stock ownership and control of a corporation. As a consequence of such ownership and control, the taxpayer served as the corporation's president at a salary of over $100,000 per annum. The *Baer* case is distinguishable from the instant case because there the expenditures did not go to the question of the taxpayer's liability or its amount, but to the manner in which the liability might be met. Cf. *Henry M. Rockwell*, *supra*, and *Charlotte M. Douglas*, 33 T.C. 349, which similarly distinguish the *Baer* case.

*Decision will be entered under Rule 50.*